EDWIN J. RAMBUSKI
State Bar No. 109602
1401 Higuera Street
San Luis Obispo, CA 93401
Tel.: (805) 546-8284
Fax: (805) 546-8489
Email: edwin@rambuskilaw.com

Attorney for Plaintiff Mario Melendez

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| In re: | Case No.: 9:19-bk-12053-MB |
|---|---|
| Donald Eugene McHaney and | Chapter 7 |
| Betty Louise McHaney, | Adv. No. _____ |
| Debtors. | |
| Mario Melendez, | |
| Plaintiff, | **COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. SECTION 523(a)(2)** |
| v. | |
| Donald Eugene McHaney, | |
| Defendant. | |

Mario Melendez ("Plaintiff"), by and through his undersigned attorney, files this complaint pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure in the matter of Donald Eugene McHaney and Betty Louise McHaney, Bankruptcy Case No. 9:19-bk-12053-MB, to determine the dischargeability of a debt owing to Plaintiff and alleges as follows:

///

# I

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001.

2. This court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 U.S.C. Sections 1334 and 157.

3. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2) such that the court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Rule 7008 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Central District of California, Plaintiff consents to the entry of a final order by the court in connection with this complaint to the extent it is later determined that the court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper for this court pursuant to 28 U.S.C. Sections 1408 and 1409.

## II

## THE PARTIES

5. Plaintiff is an individual residing in the County of Santa Barbara, State of California, and a creditor of the Debtor Donald Eugene McHaney ("Defendant").

6. Defendant is an individual and is a debtor in the above-entitled Chapter 7 Bankruptcy case, having filed his voluntary Chapter 13 Petition on December 13, 2019, and converting the case to Chapter 7 on February 26, 2020.

## III

## PERTINENT FACTUAL AND LEGAL ALLEGATIONS

7. On or about May 8, 2015, Plaintiff and Defendant entered into a written contract wherein Defendant sold to Plaintiff for the sum of $110,000 the real property situated in the County of Santa Barbara, State of California, commonly known as 2033 Thornburg Street, Santa Maria, California (the "Property").

8. The Property was and is a one-half acre vacant lot, zoned multi-family, located in the City of Santa Maria.

9. Plaintiff paid Defendant the $110,000 purchase price on the close of escrow and intended to develop the Property.

10. Following the close of escrow, Plaintiff began working with the City of Santa Maria to obtain the necessary permits to commence development of the Property.

11. In or about April 2016, the City of Santa Maria informed Plaintiff that his filing fees and application for a tentative map were being returned because the Property was contaminated with petroleum hydrocarbons from former oil field operations and absolutely no development was permissible on the Property unless and until all of the contaminated soil on the Property had been remediated.

12. Defendant knew that the soil on the Property was contaminated with petroleum hydrocarbons as early as 2006. In 2006, Defendant engaged Buena Resources, Inc. to prepare a site investigation report for the Property which was completed by Buena Resources, Inc. and delivered to Defendant and concluded that the soil on the Property had been contaminated with petroleum hydrocarbons associated with former oil field operations.

13. Defendant did nothing to clean up the contamination discovered by the 2006 Buena Resources, Inc. site investigation. Defendant did not disclose the Buena site investigation report to Plaintiff prior to selling the Property to Plaintiff and did not disclose to Plaintiff the fact that the soil on the Property was contaminated with petroleum hydrocarbons.

14. Prior to the close of escrow, Defendant completed, signed, and delivered to Plaintiff a California Association of Realtors form entitled "Seller Vacant Land Questionnaire."

15. Defendant stated on the Seller Vacant Land Questionnaire that he was not aware of any contaminated soil on the Property and that he was not aware of any reports, inspections, studies, or other documents pertaining to environmental conditions effecting the Property.

16. These representations were false. The true facts were that the soil on the Property was contaminated with petroleum hydrocarbons from prior oil field operations, Defendant had in his possession the Buena Resources, Inc. site investigation report which documented the contaminated soil, and Defendant knew the Property could not be developed in any fashion until the soil contamination had been fully remediated.

17. Defendant suppressed his knowledge of the true facts and failed to disclose the true facts regarding the contamination of the Property.

18. When Defendant made the misrepresentations and non-disclosures, he knew them to be false, and these representations were made by Defendant with the intent to defraud, deceive, and induce Plaintiff to act in the manner herein alleged.

19. Plaintiff, at the time these representations and non-disclosures were made by Defendant, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true.

20. In reliance upon these representations, Plaintiff was induced to and did enter into the contract to purchase the Property for $110,000. Had Plaintiff known the actual facts, he would not have purchased the Property.

21. As a proximate result of Defendant's fraud and deceit as alleged above, Plaintiff suffered general and consequential damages.

22. On or about September 19, 2016, Plaintiff filed a fraud action against Defendant, and others, in San Luis Obispo County Superior Court, *Mario Melendez v. Don McHaney Realty, Inc., Donald E. McHaney, Magic Property Management Inc.*, Case No. 16CV0433.

23. On or about August 15, 2017, the San Luis Obispo County Superior Court entered a Judgment against Defendant, and others, in favor of Plaintiff for intentional fraud. A true and correct copy of the Judgment is attached hereto as Exhibit 1 and is incorporated herein by reference as though fully set forth herein and made a part hereof.

24. In the Judgment, the Superior Court specifically found that Defendant was "liable for intentional fraud as alleged," and awarded judgment in the amount of $627,514, which included $500,000 in exemplary damages.

## IV

## FIRST CLAIM FOR RELIEF

### [Fraud – 11 U.S.C. Section 523(a)(2)]

25. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraph 1 through 24 as though fully set forth herein.

26.   Defendant's debt to Plaintiff in the amount of $627,514 is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2).

## V

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendant Donald Eugene McHaney as follows:

    1.   For an order of this court determining that Plaintiff's $627,514 claim against Defendant is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2);

    2.   For costs of suit incurred herein; and

    3.   For such other and further relief as the court may deem just and proper.

Dated: April 8, 2020

*Edwin J. Rambuski*
Edwin J. Rambuski
Attorney for Plaintiff Mario Melendez

RECEIVED  8/15/2017 2:32 PM

FILED

Saro G. Rizzo, Cal. Bar #162003
1457 Marsh Street, Suite 100
San Luis Obispo, CA 93401
(805) 783-1735

AUG 15 2017

SAN LUIS OBISPO SUPERIOR COURT
BY_____
D. Cloyd, Deputy Clerk

Attorney for Plaintiff
Mario Melendez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN LUIS OBISPO

| MARIO MELENDEZ<br><br>Plaintiff,<br>vs.<br><br>DON McHANEY REALTY INC., DONALD E. McHANEY, MAGIC PROPERTY MANAGEMENT INC., and DOES 1 through 100, inclusive,<br>Defendants. | Case No.: 16 CV 0433<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Action Filed: 9/19/2016<br>Dept.: 2<br>Judge: Hon. Barry LaBarbera |
|---|---|

In this action plaintiff Mario Melendez filed an action against defendants Don McHaney Realty, Inc., Donald E. McHaney, and Magic Property Management Inc. for intentional fraud. Defendants were served with the Complaint and First Amended Complaint and none of defendants filed responsive pleadings to either of them. On August 14, 2017, this matter came before this Court for Prove-Up hearing on plaintiff's request for a default and default judgment against all defendants. Having considered the live testimony presented, oral argument, and other papers and pleadings filed, this Court ruled that sufficient evidence exists to find all defendants liable for intentional fraud as alleged.

Accordingly, IT IS HERBY ORDERED, ADJUDGED AND DECREED that:

1. Judgment is entered in favor of plaintiff against all defendants on his cause of action for intentional fraud.
2. Plaintiff is awarded damages in the amount of $116,500 against all defendants.
3. Plaintiff is awarded exemplary damages in the amount of $500,000 against all

EXHIBIT 1

[PROPOSED] JUDGMENT
- 1 -

6

defendants.

4. Plaintiff is awarded attorney's fees in the amount of $9,695 and costs in the amount of $1,319 against all defendants.

5. Defendants will be jointly and severally liable for all damages, attorney's fees, and costs.

Total Costs And Fees Awarded:    $ 627,514.00

Dated: August 15, 2017

By: *[signature]*

The Honorable Barry LaBarbera,
Judge of the Superior Court